UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DURWOOD J. MOORE,<br><br>            Petitioner,<br><br>   v.<br><br>THE STATE OF WASHINGTON,<br><br>            Respondent. | Case No. C09-5386FDB-KLS<br><br>ORDER TO SHOW CAUSE |

      This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the City of Tacoma violated his Sixth and Fourteenth Amendment rights by denying his motion for a speedy trial. In filing his petition, however, petitioner did not use the form approved by the Court for filing petitions for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Therefore, his petition does not include important information requested on that form, which the Court requires in order to properly review the claims contained therein.

      In addition, the Court notes petitioner has named the State of Washington as the respondent in his petition. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (proper respondent to *habeas corpus* petition is person who has custody over petitioner); Smith v. Idaho, 383 F.3d 934, 937 (9th Cir. 2004) (petitioner for

ORDER
Page - 1

1 *habeas corpus* relief under 28 U.S.C. § 2254 must name state officer having custody of him or her as
2 respondent). "This person typically is the warden of the facility in which the petitioner is incarcerated."
3 <u>Stanley</u>, 21 F.3d at 360; <u>see also</u> <u>Rumsfeld</u>, 542 U.S. at 435 (custodian of petitioner is person with ability
4 to produce petitioner's body before *habeas corpus* court); <u>Smith</u>, 383 F.3d at 937.

5 Normally, "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of
6 personal jurisdiction." <u>Stanley</u>, 21 F.3d at 360; <u>Smith</u>, 383 F.3d at 937. In this case, though, it appears
7 petitioner currently is incarcerated in a federal penitentiary in Atwatar, California. "[I]n the case of a
8 habeas petitioner not currently in custody, 'no one will have custody of the petitioner in the state of the
9 judgment being attacked,' and that in such a case the state attorney general would generally be the one to
10 defend against the action." <u>Belgrade v. State of Montana</u>, 123 F.3d 1210, 1212 n.2 (quoting 28 U.S.C.
11 foll. § 2254, Rule 2 Advisory Committee Note). Thus, while petitioner is in custody, he is not in custody
12 in the State of Washington. Accordingly, the Attorney General for the State of Washington would seem
13 to be the proper respondent in this matter.

14 The Court, therefore, shall not serve the petition on respondent. Rather, petitioner shall file by **no**
15 **later than August 15, 2009**, an amended petition under 28 U.S.C. § 2254, using the form approved by
16 the Court therefor to do so, and naming the proper respondent as described above. **Petitioner is warned,**
17 **however, that failure to so respond to this Order by the above date will result in a recommendation**
18 **that the petition be denied.**

19 The Clerk shall send a copy of this Order to petitioner, along with a copy of the form approved by
20 the Court for petitions for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254.

21 DATED this 16th day of July, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2